# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

## NO. 22-1780

---

## IBRAHIM AKASHA ABDALLA,

Petitioner - Appellant,

v.

## UNITED STATES OF AMERICA,

Respondent - Appellee.

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
### at Foley Square

---

## INITIAL BRIEF OF APPELLANT

---

Mr. Ibrahim Akasha Abdalla
*Pro Se* Appellant
Register #75953-054
FCI Oakdale I
P.O. Box 5000
Oakdale, LA 71463

# CERTIFICATE OF INTERESTED PERSONS

I certify that the following individuals may have an interest in the outcome of this case. I make these representations in order that the members of this Court may evaluate possible disqualifications or recusal.

| | |
|---|---|
| District Judge: | Honorable Victor Marrero |
| Appellant: | Ibrahim Akasha Abdalla |
| Defense Counsel (District Court): | Dawn Cardi<br>Diane Ferrone<br>Stephanie Carvlin |
| United States Attorney for<br>the Southern District of New York: | Damian Williams (current)<br>Audrey Strauss (acting during appeal and § 2255 proceedings)<br>Geoffrey Berman (during prosecution)<br>Joon Kim (interim during prosecution)<br>Preet Bharara (during prosecution) |
| Assistant U.S. Attorney(s) for<br>the Southern District of New York: | Amanda Houle<br>Jason A. Richman |

i

# TABLE OF CONTENTS

**PAGE**

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW. . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     I.     Facts and Proceedings Below . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     II.    Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     I.     The District Court Erred in Denying Appellant's Ineffective Assistance of Counsel Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     II.    The District Court Erred in Declining to Hold an Evidentiary Hearing or Failing to Obtain a Declaration or Affidavit from Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

ii

# TABLE OF AUTHORITIES

**CASES**          **PAGE**

*Armienti v. United States,*
234 F.3d 820 (2d Cir.2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 16

*Blackledge v. Allison,*
431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). . . . . . . . . . . . . . . . . . . . . . 15

*Boykin v. Alabama,*
395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). . . . . . . . . . . . . . . . . . . . . 11

*Chang v. United States,*
250 F.3d 79 (2d Cir.2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Frye v. State*, 311 S.W.3d 350, 352 (Mo. Ct. App. 2010),
vacated, 566 U.S. 134, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) . . . . . . . . . 11

*Glover v. United States,*
531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001). . . . . . . . . . . . . . . . . . . . 9

*Harris v. United States,*
367 F.3d 74 (2d Cir.2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hill v. Lockhart,*
474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) . . . . . . . . . . . . . . . . . . 9, 10

*Holcomb v. Iona College,*
521 F.3d 130 (2d Cir.2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Missouri v. Frye,*
566 U.S. 134, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) . . . . . . . . . . . . . *passim*

*Pham v. United States,*
317 F.3d 178 (2d Cir.2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ponnapula v. Spitzer,*
297 F.3d 172 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Santobello v. New York,*
404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). . . . . . . . . . . . . . . . . . . 10

*Strickland v. Washington,*
466 U.S. 668,104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). . . . . . . . . . . . . . . . 9, 10

*United States v. Aiello,*
814 F.2d 109 (2d Cir.1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*United States v. Tarricone,*
996 F.2d 1414 (2d Cir.1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Weatherford v. Bursey,*
429 U.S. 545, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977) . . . . . . . . . . . . . . . . . . . 10

## STATUTES

28 U.S.C. §1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §2253 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

iv

## RULES

Ariz. Rule Crim. Proc. 17.4(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. Rule Civ. Proc. 56(a)-(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Fed. Rule Crim. Proc. 11(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rules Governing § 2255 Proceedings, Rule 2 . . . . . . . . . . . . . . . . . . . . . . . . . 15

Rules Governing § 2255 Proceedings, Rule 4(b). . . . . . . . . . . . . . . . . . . . . . . 15

Rules Governing § 2255 Proceedings, Rule 6 . . . . . . . . . . . . . . . . . . . . . . . . . 16

Rules Governing § 2255 Proceedings, Rule 8(a) . . . . . . . . . . . . . . . . . . . . . . . 15

Mo. Sup. Ct. Rule 24.02(d)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Case 22-1780, Document 57, 06/14/2023, 3529441, Page6 of 26

## SUBJECT MATTER AND APPELLATE JURISDICTION

1.    **Subject Matter Jurisdiction in the District Court.** This case arose from a timely filed motion to vacate, set aside or correct sentence imposed upon the Appellant. The district court had jurisdiction over this case pursuant to 28 U.S.C. § 2255.

2.    **Jurisdiction in the Court of Appeals.** This Court enjoys jurisdiction to consider the over this appeal under 28 U.S.C. §§ 1291 and 2253.

1

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I.     The district court erred in denying Appellant's ineffective assistance of counsel claim.

II.     The district court erred in declining to hold an evidentiary hearing or failing to obtain a declaration or affidavit from counsel.

## STATEMENT OF THE CASE

### I.    Facts and Proceedings Below

On October 19, 2021, Mr. Abdalla initiated this proceeding by filing a timely collateral attack on the judgment of the district court, via the provisions of 28 U.S.C. §2255 (f)(1) ("§2255"). [Doc[1] #1]. Mr. Abdalla contemporaneously filed a supporting memorandum of law. [Doc #3]. Later, due to unexplained issues with the motion to expand submitted in October 2021, Mr. Abdalla submitted his renewed motion to expand the record to include exhibits, including his declaration verified under penalty of perjury, in support of his Motion to Vacate under 28 U.S.C. §2255. [DE[2] #231, #232].

Mr. Abdalla's §2255 showed that he was deprived of the effective assistance of counsel during the plea negotiation stage, with the result that he lost the available benefits of the United States' first formal plea offer and was forced to accept a less favorable subsequent formal plea offer. [Doc #3, pp. 6-

---

[1] Doc refers to entries in the civil (§2255) docket in the underlying case.

[2] DE refers to entries in the criminal docket in the underlying case.

3

15]. This showing consisted of the reality that Mr. Abdalla's counsel failed to provide him with the opportunity to consider the first formal plea offer, the requisite explanation of its terms, or any advice concerning the desirability of and benefits which would accrue to Mr. Abdalla under the first formal plea offer.

Through his filings in the lower court, Mr. Abdalla demonstrated a reasonable probability that absent counsel's unprofessional errors at the plea stage: Mr. Abdalla would have accepted the United States' first formal plea offer; and that Mr. Abdalla's plea would have been presented to and accepted by this Court, with the result that Mr. Abdalla's sentence and convictions would have been less severe. Mr. Abdalla thus claimed entitlement to vacation of the greater convictions and sentence imposed and re-sentencing under the terms of the first formal plea offer.

After several orders to answer and the prosecution seeking and receiving multiple extensions of time in which to do so, on May 20, 2022, the United States filed its response in opposition. [DE #223, #224, #225, #228, #229,

Case 22-1780, Document 57, 06/14/2023, 3529441, Page10 of 26

#233].

On June 17, 2022, Mr. Abdalla filed his reply to the United States'
response in opposition. [Doc #15].

On July 22, 2022, the District Court issued a Memorandum Decision and
Order, denying in all respects Mr. Abdalla's then pending Motion to Vacate
filed pursuant to 28 U.S.C. §2255 and denying a certificate of appealability
("COA"). [Doc #16].

On August 8, 2022, Mr. Abdalla timely filed his notice of appeal. [Doc
#17].

This Court docketed the Appeal and Appellant timely advanced his
Motion for COA with Supporting Brief to this Court for consideration and
review, seeking COA on the following issue:

### [1].    Question and Supporting Argument

**Did the District Court err or alternatively abuse its discretion in
ruling that Mr. Abdalla did not adequately allege prejudice,
sufficient to entitle him to an evidentiary hearing – where the
prosecution and court recognized that the question of deficient
performance could not be decided without such hearing –,**

5

despite the reality that both his counts of conviction and advisory guidelines range were more severe under the later plea and where his counsel's deficient performance cost Mr. Abdalla the opportunity to accept an earlier – more favorable – plea offer?

On February 15, 2023, this Court granted Appellant COA "on the following issues: (1) whether the district court erred in denying Appellant's ineffective assistance of counsel claim; and (2) whether the district court erred in declining to hold an evidentiary hearing or failing to obtain a declaration or affidavit from counsel."

## II. Summary of the Argument

In ground one, Appellant will show that the district court erred in denying Mr. Abdalla's ineffective assistance of counsel claim.

In ground two, Appellant will demonstrate that the district court abused its discretion in failing to hold an evidentiary hearing or obtain a declaration or affidavit from Mr. Abdalla's former counsel.

Case 22-1780, Document 57, 06/14/2023, 3529441, Page13 of 26

# ARGUMENT AND AUTHORITIES

## I. THE DISTRICT COURT ERRED IN DENYING APPELLANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

### A. Standard of Review

The district court's denial of Mr. Abdalla's §2255 is reviewed *de novo* and its factual findings are reviewed for clear error. *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002).

### B. Discussion

The District Court erred by ruling that Mr. Abdalla could not demonstrate prejudice from counsel's deficiencies despite his having to plead guilty to more counts in the later plea agreement and facing a more harsh guideline range at sentencing as a result of the later plea agreement.[3]

This ruling conflicts with the Supreme Court's holding and analysis in *Missouri v. Frye*, 566 U.S. 134, 147–49, 132 S. Ct. 1399, 1409–10, 182 L. Ed. 2d 379 (2012):

---

[3]     *DE #236, pp. 8-11.*

8

To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Cf. Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance").

This application of *Strickland* to the instances of an uncommunicated, lapsed plea does nothing to alter the standard laid out in *Hill*. In cases where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S., at 59, 106 S.Ct. 366. *Hill* was correctly decided and applies in the context in which it arose. *Hill* does not, however, provide the sole means for demonstrating prejudice arising from

Case 22-1780, Document 57, 06/14/2023, 3529441, Page15 of 26

the deficient performance of counsel during plea negotiations. Unlike the defendant in *Hill*, Frye argues that with effective assistance he would have accepted an earlier plea offer (limiting his sentence to one year in prison) as opposed to entering an open plea (exposing him to a maximum sentence of four years' imprisonment). In a case, such as this, where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer, *Strickland*'s inquiry into whether "the result of the proceeding would have been different," 466 U.S., at 694, 104 S.Ct. 2052, requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.

In order to complete a showing of *Strickland* prejudice, defendants who have shown a reasonable probability they would have accepted the earlier plea offer must also show that, if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented. This further showing is of particular importance because a defendant has no right to be offered a plea, see *Weatherford*, 429 U.S., at 561, 97 S.Ct. 837, nor a federal right that the judge accept it, *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In at least some States,

10

including Missouri, it appears the prosecution has some discretion to cancel a plea agreement to which the defendant has agreed, see, e.g., 311 S.W.3d, at 359 (case below); Ariz. Rule Crim. Proc. 17.4(b) (Supp.2011). The Federal Rules, some state rules including in Missouri, and this Court's precedents give trial courts some leeway to accept or reject plea agreements, see Fed. Rule Crim. Proc. 11(c)(3); see Mo. Sup.Ct. Rule 24.02(d)(4); *Boykin v. Alabama*, 395 U.S. 238, 243–244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It can be assumed that in most jurisdictions prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences. So in most instances it should not be difficult to make an objective assessment as to whether or not a particular fact or intervening circumstance would suffice, in the normal course, to cause prosecutorial withdrawal or judicial nonapproval of a plea bargain. The determination that there is or is not a reasonable probability that the outcome of the proceeding would have been different absent counsel's errors can be conducted within that framework.

*Missouri v. Frye*, 566 U.S. 134, 147–49, 132 S. Ct. 1399, 1409–10, 182 L. Ed. 2d 379 (2012).

The District Court's finding that "[a]lthough Abdalla was required to

plead guilty to additional charges under the Second Plea Agreement, that

11

alone is insufficient to establish prejudice,"[4] conflicts with controlling precedent. The district court cited two unpublished decisions to support its ruling, which conflicts with the Supreme Court's holding in *Frye*, recognizing that prejudice could arise when a defendant is required to plead to more charges or more serious charges in a subsequent plea offer. *Id.*

The district court's opinion later recognizes that Mr. Abdalla did not rely solely on the reality that he was forced to plead guilty to more charges to meet his prejudice showing. Rather, as the district court conceded, Mr. "Abdalla is correct that the stipulated Guidelines range would have been lower if he accepted the Initial Plea Agreement."[5] However, the district court again deviates from honest application of *Frye*, applying the rationale of more unpublished cases to support its' finding "that is insufficient to demonstrate prejudice." *Id.*

---

[4]     *DE #236, p. 8.*

[5]     *DE #236, p. 9.*

12

## C. Conclusion

The District Court's decision to deny Mr. Abdalla's claim based on a lack of prejudice was erroneous and this Honorable Court should reverse that denial and remand the matter for an evidentiary hearing or other appropriate means to expand the record, prior to consideration on the merits.

## II. THE DISTRICT COURT ERRED IN DECLINING TO HOLD AN EVIDENTIARY HEARING OR FAILING TO OBTAIN A DECLARATION OR AFFIDAVIT FROM COUNSEL.

## A. Standard of Review

When the district court denies any form of an evidentiary hearing, the review of the district court's denial of a hearing is for clear error as to issues of fact, such as a district court's determination that the record precludes the claim, and *de novo* for issues of law. *Harris v. United States*, 367 F.3d 74, 79 (2d Cir.2004); *Chang v. United States*, 250 F.3d 79, 82 (2d Cir.2001). Because Mr. Abdalla's claim of ineffective assistance of counsel is a question of mixed fact and law, the district court's denial of an evidentiary hearing on that issue is reviewed *de novo*. *See Pham v. United States*, 317 F.3d 178, 182 (2d Cir.2003);

13

Case 22-1780, Document 57, 06/14/2023, 3529441, Page19 of 26

*Chang*, 250 F.3d at 82.

**B.   Discussion**

The District Court erred by denying Mr. Abdalla's §2255 motion without holding an evidentiary hearing where his entitlement to relief on his claim of ineffective assistance of counsel was not conclusively refuted and the live testimony of Mr. Abdalla and his former counsel was integral to the accurate assessment of the merits of Mr. Abdalla's claims.

Title 28 U.S.C. § 2255 provides that "[u]nless the motion and files and records of the case **conclusively** show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." (Emphasis added). To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a "plausible" claim of ineffective assistance of counsel, not that "he will necessarily succeed on the claim." *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir.2000) (quoting *United States v. Tarricone*, 996 F.2d 1414, 1418 (2d Cir.1993)).

14

Case 22-1780, Document 57, 06/14/2023, 3529441, Page20 of 26

The procedure for determining whether a hearing is necessary is in part analogous to, but in part different from, a summary judgment proceeding. The petitioner's motion sets forth his or her legal and factual claims, accompanied by relevant exhibits: e.g., an affidavit from the petitioner or others asserting relevant facts within their personal knowledge and/or identifying other sources of relevant evidence. *Compare, Rules Governing §* *2255 Proceedings, Rules 2, 4(b), with Fed.R.Civ.P. 56(a)-(c); see also Blackledge v.* *Allison,* 431 U.S. 63, 80-83, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). The district court reviews those materials and relevant portions of the record in the underlying criminal proceeding. *Compare Rules Governing § 2255 Proceedings,* *Rules 4(b), 8(a) with Fed.R.Civ.P. 56(c).* The court then determines whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a *prima facie* case for relief. If material facts are in dispute, a hearing should usually be held, and relevant findings of facts made. *See Armienti,* 234 F.3d at 825 (remanding for a hearing where appellant alleged

15

several specified instances of attorney's deficiencies), *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir.1987) (holding that hearing is appropriate when application includes "assertions of fact that a petitioner is in a position to establish by competent evidence").

The analogy to summary judgment is not complete, however. There is no pre-motion discovery in a Section 2255 case, as there is in summary judgment proceedings in a civil case. Therefore, a petitioner may need only to identify available sources of relevant evidence rather than obtain it as in civil cases or seek a discovery order from the court under Rule 6 of the Rules Governing Section 2255 Proceedings. *Compare Rules Governing § 2255 Proceedings, Rules 4(b), 6(a)* (discovery requires leave of court), and *Armienti*, 234 F.3d at 823 with Fed.R.Civ.P. 56, and *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir.2008).

The district court's ruling denying Mr. Abdalla's claims, as described in *Ground One, supra,* without holding an evidentiary hearing constitutes a clear error. This is true because the record did not conclusively show that Mr.

16

Abdalla was not entitled to relief.

## C.   Conclusion

The District Court's refusal to grant an evidentiary hearing to allow Appellant to prove his claim of ineffective assistance of counsel, where the same was not conclusively foreclosed by the record constitutes a clear error. This Court should reverse the denial of Mr. Abdalla's claim and remand the matter to the lower court with instructions that the lower court hold the requisite hearing.

Respectfully submitted,

_____

Mr. Ibrahim Akasha Abdalla
*Pro Se* Appellant
Register #75953-054
FCI Oakdale I
P.O. Box 5000
Oakdale, LA 71463

17

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been mailed, first class postage prepaid, on this _28 TH_ day of _APRIL_, 2023, to: opposing counsel, AUSA Won S. Shin, One St. Andrew's Plaza, New York, NY 10007.

Executed under penalty of perjury pursuant to 28 U.S.C. §1746, on this _28 TH_ day of _April_, 2023.

_____

Ibrahim Akasha Abdalla
*Pro Se* Appellant
Register #75953-054
FCI Oakdale I
P.O. Box 5000
Oakdale, LA 71463

18

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that:

1.  This brief complies with the type-volume limitations of Rule 32(a)(7)(B)of the Federal Rules of Appellate Procedure because it contains 3,427 words.

2.  This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type-style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because as it has been prepared in proportionally spaced typeface using Word Perfect X8 in Palatino Linotype typeface and 14 point font size.

_____
Ibrahim Akasha Abdalla
*Pro Se* Appellant
Register #75953-054
FCI Oakdale I
P.O. Box 5000
Oakdale, LA 71463

19

Ibrahim Abdalla (#75453-054
FCI Oakdale 1
P.O. Box 5000
Oakdale, LA 71463

7022 2410 0001 1429 5198

Clerk Of Court
United States Court Of Appeals
United States Courthouse
Foley Square
New York, NY 10007

For more stamps and
...and stamps

USDC SDNY